# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREG TAKUNG CHAO, | |
| *Petitioner*, | 2:14-cv-02039-GMN-PAL |
| vs. | |
| D.W. NEVEN, et al., | ORDER |
| *Respondents*. | |

Pursuant to this court's order, petitioner has now paid the filing fee for his 28 U.S.C. § 2254 habeas petition. Now before the court is petitioner's motion for a stay of these federal proceedings until his state habeas petition is resolved (ECF #4).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court

may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Petitioner's current federal petition, as well as his motions for counsel and for stay, raise the questions of whether the petition is timely and whether the claims are exhausted (ECF #s 1-1, 3, 4). A state court decision on the merits would impact the calculation of the AEDPA statute of limitations in this case because if the state court finds that petitioner had good cause to overcome the procedural bars of NRS 34.810, the state postconviction habeas petition would be considered "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) and would toll the AEDPA statute of limitations. In *Pace v. DiGuglielmo*, 544 U.S. 416, the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. *See also, Rudin v. Myles*, 766 F.3d 1161, 1174 (9th Cir. 2014). In this regard, petitioner's *pro se* federal petition (ECF #s 1-1, 1-2) was appropriately filed as a protective petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. It is unclear whether petitioner's state postconviction petition, which appears to raise ineffective assistance of counsel claims, will be deemed timely filed. Accordingly, a stay and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Currently, the court has no indication that petitioner engaged in dilatory litigation tactics. This court thus concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

Petitioner has also filed a motion for appointment of counsel (ECF #3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469

U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Here, the court finds that the motion for appointment of counsel is premature. Petitioner will need to file a motion to re-open the case after his state postconviction proceedings have concluded. Further, petitioner shall file a motion to file an amended petition and attach a proposed amended petition. Such amended petition shall clearly and concisely set forth the factual basis for his claims, as well as demonstrate that the petition is timely and that his claims are exhausted.[1] At that time, petitioner may file a second motion for appointment of counsel if he is able to demonstrate that the complexities of his case are such that a denial of counsel would amount to a denial of due process. Accordingly, the motion for appointment of counsel is denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #1) is **DENIED** as moot, as petitioner has paid the filing fee.

**IT IS FURTHER ORDERED** that the Clerk **SHALL DETACH AND FILE** petitioner's federal habeas petition (ECF #s 1-1, 1-2).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a longer than normal petition (ECF #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF #4) of this federal habeas corpus proceeding is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning

---

[1] The court notes that the petition before the court appears to be unnecessarily repetitive and prolix and emphasizes that petitioner's amended petition should clearly and concisely set forth the factual basis for his claims. Moreover, extensive factual background regarding events that gave rise to petitioner's convictions is unnecessary.

to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

**DATED** this 21st day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court