UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREG TAKUNG CHAO,

              Petitioner,

  v.

D.W. NEVEN, et al.,

              Respondents.

Case No. 2:14-cv-02039-GMN-PAL

ORDER

This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss two grounds in Greg Takung Chao's petition (ECF No. 25). Chao filed a response (ECF No. 34), and respondents replied (ECF No. 37).

## I.    Procedural History and Background

In June 2005, Chao went on trial for robbery with use of a deadly weapon and murder with use of a deadly weapon (see exhibits 11, 55).[1] The jury deadlocked, and the court declared a mistrial. Exh. 55, p. 7. Chao's second trial commenced in May 2007, and the jury found him guilty of count 1: robbery with use of a deadly weapon and count 2: first-degree murder with use of a deadly weapon. Exh. 131. After a penalty hearing, the jury returned a verdict of life in prison without the possibility of parole on the murder count. Exh. 136. In September 2007, the state district court sentenced Chao to 72 to 180 months on count 1, plus an equal and consecutive term for the deadly

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 25, and are found at ECF Nos. 26-32.

1

weapon and to life in prison without the possibility for parole on count 2, plus an equal and consecutive term for the deadly weapon. Exh. 139. Judgment of conviction was entered on September 12, 2007. Exh. 140.

The Nevada Supreme Court affirmed Chao's convictions in June 2010. Exh. 194. The state supreme court affirmed the denial of Chao's state postconviction petition in March 2017. Exh. 273.

In the meantime, petitioner dispatched his federal petition for filing on December 1, 2014 (ECF No. 11). This court granted Chao's motion to stay his federal petition pending the completion of his state-court proceedings (ECF No. 7). In November 2017, this court granted petitioner's motion to reopen the case and granted his motion for counsel (ECF No. 12). Chao filed a first-amended petition (ECF No. 21). Respondents now move to dismiss grounds 2(A) and 2(B) as procedurally defaulted (ECF No. 25).

## II. Legal Standards & Analysis

### a. Procedural Default

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural

2

> rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  This is a narrow exception, and it is reserved for extraordinary cases only.  *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).  Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default.  *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

### b.  Grounds 2(A) and 2(B)

Ground 2 alleges violations of his Sixth Amendment right to effective assistance of counsel related to the two different coroners who testified at Chao's two trials (ECF No. 21, pp. 16-23).  In ground 2(A) Chao asserts that trial counsel was ineffective for failing to challenge the State's use of a different substitute coroner, Dr. Olson, at the second trial. *Id.* at 19-21. Chao alleges that Dr. Olson's testimony regarding the time of the victim's death differed from that of Dr. Knoblock at the first trial.  Chao also argues

that to the extent that trial counsel objected based on the Confrontation Clause, appellate counsel was deficient for not raising the issue on direct appeal. In ground 2(B) Chao also contends that trial counsel was ineffective for failing to call Dr. Knoblock to testify during the second trial (ECF No. 21, pp. 21-23).

The Nevada Supreme Court affirmed the denial of Chao's state postconviction habeas petition. Exh. 273. The petition was untimely, but the state district court had concluded that Chao showed good cause by demonstrating that appellate counsel was ineffective for failing to move for a stay of the remittitur pending the resolution of Chao's federal certiorari proceedings. *Id.* at 3. The Nevada Supreme Court disagreed and held that appellate counsel's failure to request of stay of the remittitur was not an impediment external to the defense constituting good cause because Chao was not prevented from filing a timely state postconviction petition. NRS § 34.726(1). Thus, the Nevada Supreme Court concluded that Chao failed to demonstrate good cause, and the state district court erred in reaching the merits of the untimely petition. However, because the state district court denied the petition on the merits, the Nevada Supreme Court affirmed the disposition as it reached the correct result. *Id.*

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.726 is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Supreme Court's determination that federal grounds 2(A) and 2(B) were procedurally barred was an independent and adequate ground to affirm the denial of the claims in the state petition.

Petitioner argues that the claims are not procedurally defaulted because the Nevada Supreme Court reached the merits of the claims and relied primarily on federal law (ECF No. 34, pp. 2-6). The state supreme court stated expressly: "As Chao failed to show good cause to excuse his untimely petition, we conclude that Chao's petition is

procedurally barred and should have been dismissed, as the application of the procedural bar is mandatory." Exh. 273, p. 4. The court then also examined Chao's ineffective assistance of counsel (IAC) arguments (federal grounds 2(A) and 2(B)), stating: "We address the merits of these claims only to review whether Chao has demonstrated actual prejudice." *Id.* The Nevada Supreme Court clearly stated that the petition was procedurally barred before addressing the merits in the alternative, and respondents are correct that a court's decision to procedurally bar a claim and alternatively reject the merits of the claim does not undermine application of the procedural bar. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Carringer v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992).

Chao next argues that if the claims are procedurally defaulted, he can meet his burden of proving good cause for his failure to present the claims and actual prejudice (ECF No. 34, pp. 6-9). *Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485. He contends that the cause of the default was that his appellate counsel failed to move to stay the remittitur while seeking a writ of certiorari on one of the appellate claims.

Chao fails to demonstrate cause for at least two reasons. First, Chao did not raise the claim that appellate counsel was ineffective for failing to seek a stay of the remittitur within one year of that failure, and therefore, that claim is itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452-453 (2000); *see also* exh. 273, p. 3. Second, Chao does not explain how appellate counsel caused the default. The Nevada Supreme Court affirmed Chao's conviction on June 23, 2010. Exh. 194. Chao then filed a petition for a writ of certiorari with the United States Supreme Court. Exh. 214. After the Nevada Supreme Court denied a motion for rehearing, remittitur issued on January 18, 2011. Exh. 213. Chao had a year from that date to file a timely state habeas petition. NRS § 34.726. The Supreme Court denied his cert petition on May 16, 2011. Exh. 215. Chao does not even attempt to explain why he did not timely file a state postconviction petition in the more than 7 months that remained before the

expiration of the state limitation period. Thus, he has not demonstrated that "some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. Finally, the court also notes that it is not clear that the federal constitutional right to counsel on direct appeal extends past the Nevada Supreme Court's issuance of its order affirming the convictions. *See Ross v. Moffitt*, 417 U.S. 600, 615 (1974) (the right to counsel on appeal is the right to have defendant's claims presented "once . . . and passed upon by an appellate court"). Nor would an IAC analysis be implicated in the filing of a cert petition, which is a petition for discretionary review.

As Chao has failed to demonstrate cause for the procedural default in state court of grounds 2(A) and 2(B) they are procedurally barred from federal habeas review.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss grounds 2(A) and 2(B) (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents will have **60 days** from the date this order is entered within which to file an answer to the remaining claims in the petition.

**IT IS FURTHER ORDERED** that petitioner will have **45 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to file a reply in support of their motion to dismiss (ECF No. 35) is **GRANTED** *nunc pro tunc*.

DATED: 20 June 2019.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT